# EXHIBIT C

1  PHILLIP A. TALBERT
   United States Attorney
2  MIRIAM R. HINMAN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America



**FILED**

Apr 07, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.   2:22-cr-0068 KJM

12                   Plaintiff,          18 U.S.C. § 1343 – Wire Fraud (6 counts); 18 U.S.C.
                                         § 1341 – Mail Fraud (4 counts); 18 U.S.C.
13            v.                         § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal
                                         Forfeiture
14  SUNEET SINGAL,

15                   Defendant.

16

17                          I N D I C T M E N T

18  COUNTS ONE THROUGH SIX:  [18 U.S.C. § 1343 – Wire Fraud]

19       The Grand Jury charges:

20                          SUNEET SINGAL,

21  defendant herein, as follows:

22       **I.        INTRODUCTION**

23       At all times relevant to the Indictment:

24       1.      SUNEET SINGAL resided in El Dorado Hills, California, and worked in both Gold

25  River, California, and New York, New York.

26       2.      COMPANY 1 was registered in Nevada and operated a chain of fast-food franchises in

27  California.  COMPANY 1 had an office in Gold River, California.

28       3.      COMPANY 2 was registered in California and owned COMPANY 1 until on or about

INDICTMENT                                    1

1  February 23, 2017, when it was sold to Individual 1.  SUNEET SINGAL was the owner and Managing

2  Member of COMPANY 2.  COMPANY 2 had an office in Gold River, California.

3                          **II.      SCHEME TO DEFRAUD**

4        4.      Beginning in or about March 2017, and continuing through in or about July 2017,

5  defendant SUNEET SINGAL and others known and unknown to the Grand Jury knowingly devised,

6  intended to devise, and participated in a material scheme and artifice to defraud and to obtain money by

7  means of materially false and fraudulent pretenses, representations, and promises.

8        5.      The purpose of the scheme was to induce financing companies to provide funds to

9  COMPANY 1 and COMPANY 2 in the form of merchant cash advances, which are advances of money

10  in exchange for promises to repay greater amounts of money from future receivables.

11                        **III.      MANNER AND MEANS**

12        In furtherance of the fraud, SUNEET SINGAL employed, among others, the following ways and

13  means:

14        6.      On or about February 23, 2017, SUNEET SINGAL signed a sale contract pursuant to

15  which COMPANY 2 sold COMPANY 1 to Individual 1.

16        7.      After February 23, 2017, despite no longer having an ownership interest in COMPANY

17  1, SUNEET SINGAL continued to purport to act as a representative of COMPANY 1, take action

18  allegedly on behalf of COMPANY 1, and direct others to take action with respect to COMPANY 1.

19        8.      After February 23, 2017, SUNEET SINGAL and others working with him and at his

20  direction and control applied to third-party financing companies for merchant cash advances to be

21  provided to COMPANY 1 and COMPANY 2.

22        9.      In documents and communications provided to the third-party financing companies,

23  SUNEET SINGAL and others working with him and at his direction and control provided false

24  statements, including stating that SUNEET SINGAL was the owner of COMPANY 1 and was

25  authorized to act on behalf of COMPANY 1.

26        10.     For example, SUNEET SINGAL signed and authorized that his signature stamp be

27  placed on documents for the third-party financing companies that contained false statements about the

28  ownership and control of COMPANY 1, including that SUNEET SINGAL was a principal, owner,

INDICTMENT                              2

1  officer, and director of COMPANY 1 and that COMPANY 2 was the managing member of COMPANY

2  1.

3       11.    As a result of the false documents and false statements provided by SUNEET SINGAL

4  and others working with him and at his direction and control, the third-party financing companies

5  provided merchant cash advances to COMPANY 1 and COMPANY 2.  The merchant cash advances

6  required the recipient to repay the financing company at a high rate over a short time period.

7       12.    SUNEET SINGAL and others working with him and at his direction and control used the

8  merchant cash advances for various expenses, including operating expenses for COMPANY 1 and

9  COMPANY 2.

10       13.    COMPANY 1 was unable to make a substantial portion of the required repayments to the

11  third-party financing companies and filed for bankruptcy on or about September 14, 2017.

12           **IV.  USE OF THE INTERSTATE WIRES**

13       14.    On or about the dates listed below, for the purpose of executing the aforementioned

14  scheme and artifice to defraud and attempting to do so, SUNEET SINGAL, as more specifically charged

15  below, knowingly transmitted and caused to be transmitted by means of wire communication in

16  interstate and foreign commerce certain writings, signs, signals, pictures and sounds:

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

INDICTMENT                    3

| COUNT | ON OR ABOUT DATE | WIRE DESCRIPTION |
|---|---|---|
| 1 | April 12, 2017 | Wire transfer of $197,370 from Financing Company 1 to JP Morgan Chase account ending in #0562 |
| 2 | April 20, 2017 | Wire transfer of $112,308 from Financing Company 2 to JP Morgan Chase account ending in #3187 |
| 3 | April 20, 2017 | Wire transfer of $48,500 from Financing Company 2 to JP Morgan Chase account ending in #3187 |
| 4 | April 21, 2017 | Wire transfer of $294,946 from Financing Company 3 to JP Morgan Chase account ending in #9924 |
| 5 | May 5, 2017 | Wire transfer of $96,970 from Financing Company 4 to JP Morgan Chase account ending in #9924 |
| 6 | May 22, 2017 | Wire transfer of $43,975 from Financing Company 4 to JP Morgan Chase account ending in #0562 |

All in violation of Title 18, United States Code, Sections 2 and 1343.

COUNTS SEVEN THROUGH TEN:  [18 U.S.C. § 1341 - Mail Fraud]

The Grand Jury further charges:

SUNEET SINGAL,

defendant herein, as follows:

15.     The Grand Jury re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 13 of Counts One through Six of this Indictment, as set forth above.

16.     On or about the dates listed below, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, SUNEET SINGAL did knowingly cause to be deposited, and did knowingly cause to be delivered, matter and things to be sent and delivered by a private and commercial interstate carrier according to the directions thereon, as more specifically set forth below:

/ / /

/ / /

INDICTMENT                                                       4

| COUNT | ON OR ABOUT DATE | MAIL MATTER |
|-------|------------------|-------------|
| 7 | April 10, 2017 | Documents sent via FedEx to Financing Company 1 in Florida |
| 8 | May 4, 2017 | Documents sent via FedEx to Financing Company 4 in New York |
| 9 | May 17, 2017 | Documents sent via FedEx to Financing Company 5 in New Jersey |
| 10 | May 18, 2017 | Documents sent via FedEx to Financing Company 4 in New York |

All in violation of Title 18, United States Code, Sections 2 and 1341.

FORFEITURE ALLEGATION:   [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.     Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, defendant SUNEET SINGAL shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

a.     A sum of money equal to the total amount of proceeds traceable to such offenses, for which defendant is convicted.

2.     If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Ten of this Indictment, for which defendant is convicted:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to

INDICTMENT

5

seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

_____
PHILLIP A. TALBERT
United States Attorney

INDICTMENT

6

2:22-cr-0068 KJM

*No.* _ _ _ _ _ _ _ _ _ _

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

**No Bail Warrant Pending Hearing**

SUNEET SINGAL

---

I N D I C T M E N T

**VIOLATION(S):**   18 U.S.C. § 1343 – Wire Fraud (6 counts);
18 U.S.C. § 1341 – Mail Fraud (4 counts);
18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c) -- Criminal Forfeiture

---

*A true bill,*

**/s/ Signature on file w/AUSA**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Foreman.*

*Filed in open court this* _ _ 7th _ _ _ _ _ _ _ _ _ *day*

*of* _ _ April _ _ _ _ _ _ _ _ , *A.D. 20* _ 22 _ _ _ _

_ _ _ _ _ _ _ _ _ _ /s/ Lisa M. Kennison _ _ _ _ _ _ _ _ _ _
*Clerk.*

**No Bail Warrant Pending Hearing**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

---

GPO 863 525

2:22-cr-0068 KJM

## United States v. Suneet Singal
### Penalties for Indictment

**Defendant**
**SUNEET SINGAL**

### COUNTS 1-6:

VIOLATION:          18 U.S.C. § 1343 – Wire Fraud

PENALTIES:          Up to 20 years in prison; or
Fine of up to $250,000, or twice the gross gain or gross loss, whichever is
greater; or both fine and imprisonment
Supervised release of up to 3 years
Restitution

SPECIAL ASSESSMENT:  $100 (mandatory on each count)

### COUNTS 7-10:

VIOLATION:          18 U.S.C. § 1341 – Mail Fraud

PENALTIES:          Up to 20 years in prison; or
Fine of up to $250,000, or twice the gross gain or gross loss, whichever is
greater; or both fine and imprisonment
Supervised release of up to 3 years
Restitution

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION:          18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:          As stated in the charging document