## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

FTE NETWORKS, INC.

       Plaintiff,

v.                                    Case No. 1:22-cv-00785-UNA

ALEXANDER SZKARADEK, et al.

       Defendants.

_____

**<u>BRIEF IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF MOVANT, FIRST CAPITAL REAL ESTATE TRUST, INC.</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

I.   State of the Nature and Stage of Proceedings ............................................................1

II.  Summary of Argument ...............................................................................................1

III. Statement of Facts ......................................................................................................2

IV.  Argument ....................................................................................................................4

    A. Legal Standard ......................................................................................................4

    B. FC REIT is Entitled to Intervene as a Right Under Fed. R. Civ. P.24(a) ............5

    C. In the Alternative, FC REIT Should be Permitted to Intervene Under
       Fed. R. Civ. P. 24(b) .............................................................................................7

    D. Miscellaneous Matters ..........................................................................................8

V.   Conclusion ..................................................................................................................8

SL1 1795243v1 116689.00001

# TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)...................................................4

*Arkansas Elec. Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 404 (8th Cir. 1985)..................................................................................................................4

*Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).....................7

*Donaldson v. United States*, 400 U.S. 517, 531 (1971).........................................................5

*Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 626 (S.D. Iowa 1993).................................4

*Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) ......................................5

*Mountain Top Condo Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995)..................................................................................................................6

*Ratepayers Fight Back v. Middle South Energy, Inc.*, 474 U.S. 1102 (1986) .......................4

*State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019) .................................................5

*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)......................................6

**Statutes**

Fed. R. Civ. P. 24..................................................................................................................7,8

SL1 1795243v1 116689.00001

Movant First Capital Real Estate Trust, Inc. ("FC REIT"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 24 moves to intervene as a defendant in this action.

## I.     STATE OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff, FTE Networks, Inc. ("FTE") recently filed the above-captioned action seeking a judgment and order: (i) permanently enjoining Defendants Alexander and Antoni Szkaradek (the "Szkaradeks") from transferring any shares of FTE to certain individuals, (ii) directing the Szkaradeks to transfer 11,031,688 of their FTE shares to FC REIT; (iii) enjoining the Szkaradeks from exercising any rights related to the 11,031,688 FTE shares; (iv) directing the return of all of the Szkaradeks' FTE shares to FTE; and (v) awarding damages and attorneys' fees. *See* Doc. No. 1 ¶ 23. FC REIT claims an interest in 11,031,688 of the FTE shares currently held by the Szkaradeks.

## II.     SUMMARY OF ARGUMENT

This Court will necessarily be required to rule on the ownership of these 11 million shares during the course of this action and, therefore, FC REIT's property interests are inextricably intertwined with the merits of this matter. FC REIT moves to intervene as a defendant in this matter to defend those property interests. Federal Rules of Civil Procedure 24 creates both a mandatory and permissive form of intervention. Because the determination of the issues raised in FTE's Complaint will require this Court to adjudicate First Capital's ownership of the 11,031,688 FTE shares withheld by the Szkaradeks, FC REIT can satisfy both forms of intervention.

In addition, this Court should grant this motion because it is undoubtedly timely and FC REIT satisfies the other requirements of intervention as a matter of right under Fed. R. Civ. P. 24(a). Its ownership claim over the 11 million shares is a significant property interest that would be impaired if this Court ruled (in FC REIT's absence) that the Szkaradeks hold title to the shares

and are not required to transfer them to FC REIT. Moreover, FTE cannot adequately represent FC REIT's interests because FTE has an incentive to argue that the Szkaradeks cannot exercise the 11 million shares – but not necessarily that FC REIT owns those shares. Only FC REIT can fully and adequately defend its own property rights.

Alternatively, permissive intervention is warranted because the question of whether FC REIT is the rightful owner of the 11 million shares involves a common question of law or fact with the main action which turns on the issue of whether the Szkaradeks have a right to transfer or exercise any rights relating to the same 11 million shares.

### III.   STATEMENT OF FACTS

FTE filed its Complaint in this matter on June 14, 2022. In 2019, FTE began negotiating with the Szkaradeks regarding the purchase of a portfolio of residential properties that the Szkaradeks owned through their entity, Vision Property Management, LLC. *See* Doc. No. 1, ¶¶ 9, 39. Upon information and belief, although the portfolio purchase had originally been brokered by an individual named Suneet Singal ("Singal"), FTE ultimately demanded that the Vision Asset Purchase Agreement contain a prohibition on the transfer of FTE equity to Singal or his affiliates after learning that the SEC had filed charges against Singal. *See* Doc. No. 1, ¶¶ 10–12, 46–48. The Purchase Agreement was signed on December 30, 2019. *See* Doc. No. 1, Ex. D.

On April 2, 2021, the parties executed an amendment to the Purchase Agreement. *See* Doc. No. 1, Ex. F. This Amended Purchase Agreement, among other things, called for FTE to issue 22,063,376 shares of its common stock to the Szkaradeks, on the express condition that they provide 11,031,688 of those shares to FC REIT. Specifically, Section 1.5 of the Amended Purchase Agreement states:

> … Promptly following the date of this Amendment, Parent shall issue to Sellers, in accordance with the Payment Allocation Schedule attached as Schedule A hereto,

2

> (i) Twenty Two Million Sixty Three Thousand Three Hundred Seventy Six (22,063,376) shares of Common Stock, and (ii) Two Hundred (200) shares of Preferred Stock; provided that, with respect to one-half of the common shares referred to in clause (i) above (i.e. Eleven Million Thirty One Thousand Six Hundred Eighty Eight (11,031,688) shares of Common Stock, [(]the "<u>FC REIT Shares</u>"), the Sellers agree to sell, transfer and convey the FC REIT Shares to First Capital Real Estate Trust, Inc. effective immediately following the issuance of such shares to the Sellers, and the obligation of Parent to issue the FC REIT Shares to the Sellers shall be suspended until, and shall be subject to the condition precedent that, Sellers shall have provided such documentation as reasonably requested by Parent to demonstrate that Sellers have agreed to sell, transfer and convey the FC REIT Shares to First Capital Real Estate Trust, Inc. and to enable and instruct Parent's transfer agent to transfer the FC REIT Shares from the Sellers to First Capital Real Estate Trust, Inc. immediately following the issuance of such shares to the Sellers.

*See* Doc. No. 1, Ex. F, Section 1.5. The Amended Purchase Agreement also prohibited the Szkaradeks from transferring their FTE stock to Singal or his affiliates. *See* Doc. No. 1, Ex. F, Section 1.4(b).

Despite these contractual prohibitions, upon information and belief, the Szkaradeks have begun transferring their FTE shares to entities affiliated with Singal. *See* Doc. No. 1, ¶¶ 100–105. These transfers include a November 2021 stock purchase agreement between the Szkaradeks and Innovativ, a Wyoming corporation closely tied to Singal. *See* Doc. No. 1, ¶ 102. This agreement provided for the purported sale of 11,031,688 FTE shares to Innovativ – the ones that the Szkaradeks were required to transfer to FC REIT under the Amended Purchase Agreement. *See* Doc. No. 1, ¶ 103.

Instead of transferring those 11 million shares to FC REIT, Innovativ has attempted to exercise the shares to advance its interests and the interests of the Szkaradeks. *See* Doc. No. 1, ¶¶ 106–109. As of the filing of this motion, the transfer of 11,031,688 shares of FTE Common Stock to FC REIT has not occurred. Additionally, FC REIT made two demands on the Szkaradeks'

3

counsel to immediately transfer the shares. *See* February 15, 2022 letter to Mr. Doerring, attached hereto as **Exhibit 1**; July 13, 2022 letter to Mr. Doerring, attached hereto as **Exhibit 2**.

### IV. ARGUMENT

#### A. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs this motion to intervene. The rule provides for intervention of right and permissive intervention:

> A. **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest in relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> B. **Permissive Intervention.**
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question or law or fact.
> . . .
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied* 540 U.S. 1017 (2003). "Rule 24 is to be construed liberally with all doubts resolved in favor of permitting intervention." *Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 626 (S.D. Iowa 1993) (citing *Arkansas Elec. Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 404 (8th Cir. 1985), *cert. denied sub nom.*, *Ratepayers Fight Back v. Middle South Energy, Inc.*, 474 U.S. 1102 (1986)).

4

### B. FC REIT is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a).

An applicant for intervention of right must show that "the requirements of Federal Rule of Civil Procedure 24(a)(2) apply: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation by the existing parties to the action." *State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019), *cert. denied* 140 S. Ct. 82 (2019).

Here, each of the four requirements for intervention as of right are met. First, with respect to a "timely application," this requirement is satisfied because FC REIT is seeking intervention almost immediately after the Complaint was filed on June 14, 2022. This case is in its infancy given that the Szkaradeks have not yet filed a responsive pleading, the case has not yet been assigned to a judge, no scheduling order has been issued and there has been no discovery. FC REIT moved to intervene almost immediately after learning of its interest in this case. Moreover, there is no conceivable prejudice to any parties based on the timing of FC REIT's motion to intervene. *See City of Chicago*, 912 F.3d at 984 ("We look to four factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances.").

Second, with respect to holding "an interest relating to the subject matter of the action," the movant must demonstrate a "significantly protectable" interest "relating to the property or transaction which is the subject of the action." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). There is no "precise and authoritative definition" of the interest or "bright line of demarcation" that satisfies this standard. *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) (internal citations omitted). Rather, "intervenors should have an interest that is specific

5

to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id.* at 972; *see also Mountain Top Condo Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995) ("The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.").

FC REIT's interest in the 11 million shares certainly satisfies this standard. The claim constitutes a property interest – i.e., FC REIT's partial ownership of FTE – regulated and protected by both federal and state law. That interest should have been transferred to FC REIT pursuant to the Amended Purchase Agreement and was impermissibly transferred to Innovativ under a separate agreement between Innovativ and the Szkaradeks. The ownership of the 11 million shares is inextricably intertwined with the merits of this litigation, which seek to determine the ownership of these and other FTE shares.

Third, with respect to the "potential impairment, as a practical matter, of [FC REIT's] interest by the disposition of the action," FC REIT's ability to protect its ownership interest in the 11 million FTE shares will be impaired if it does not intervene. If this Court, in ruling on the ownership of the FTE shares at issue in this matter, determines that the Szkaradeks can validly continue to hold and exercise the 11 million shares, the Szkaradeks could likely enforce that judgment to continue depriving FC REIT of those shares. FC REIT has thus sought to intervene to protect its property interest in those shares.

Finally, with respect to the "lack of adequate representation by the existing parties to the action," the burden on proposed intervenors in showing *inadequate* representation is "minimal" and can be satisfied by demonstrating that their representation "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). Here, although FTE's interest in the litigation is generally aligned with FC REIT's in the 11 million shares, those interests are *not* co-

6

extensive and may ultimately diverge. Specifically, FC REIT is solely committed to the narrow conclusion that it, rather than Innovativ or the Szkaradeks, owns the shares. In contrast, FTE's Complaint clearly takes the position that the Szkaradeks cannot exercise those shares but not necessarily that FC REIT owns them. For example, in its prayer for relief FTE seeks a judgment "[d]isgorging all FTE shares of stock possessed by the Szkaradeks, their family members, and affiliates and directing those shares to be returned *to FTE*[.]" *See* Doc. No. 1, at 29, ¶ (e). Accordingly, the only way for FC REIT to adequately represent its interest in the 11 million shares is to intervene in this action and assert its ownership interest.

Because each of the four requirements for intervention as of right under Fed. R. Civ. P. 24(a) are met, FC REIT is entitled to intervene in this suit as a defendant.

C. **In the Alternative, FC REIT Should be Permitted to Intervene Under Fed. R. Civ. P. 24(b).**

Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Whether to grant permissive intervention under Rule 24(b) . . . is within the discretion of the district court and . . . the decision is reviewed only for abuse of discretion." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

The same considerations that demonstrate the applicability of intervention as of right in this matter also demonstrate the propriety of permissive intervention. The central question of whether the Szkaradeks validly hold and exercise control over FTE's shares will turn on the issue raised by movants in this motion, which is who holds title to the 11 million shares earmarked in the Amended Purchase Agreement. The conclusion that the Szkaradeks and Innovativ cannot exercise those shares is a common claim between FTE and FC REIT (as a proposed intervening

defendant) and will therefore almost certainly be an issue that all parties will litigate. FC REIT's claims are wholly suitable for permissive intervention under Fed. R. Civ. P. 24(b).

### D. Miscellaneous Matters

Given the specific and limited issue upon which FC REIT seeks to intervene – who holds title to the 11 million shares described in Section 1.5 of the Amended Purchase Agreement – if its motion to intervene is granted, FC REIT intends to seek a separate and expedited discovery and briefing schedule as to this issue. While resolution of this particular issue is central to the resolution of all of FTE's claims, FTE has asserted claims regarding the entirety of its shares held by the Szkaradeks as well as a claim for damages which are not directly pertinent to the issue on which FC REIT seeks to intervene. Moreover, resolution of these additional issues is likely to be time consuming and expensive. Therefore, this Court's resources and the parties' resources would be conserved by allowing a separate and expedited discovery and briefing schedule on the 11 million shares.

### V. CONCLUSION

For the foregoing reasons, FC REIT requests that this Court grant its motion to intervene and permit it to file the proposed answer to Plaintiff's Complaint, which is attached hereto as Exhibit 1.

Dated: July 14, 2022                        STEVENS & LEE, P.C.

                                           By: */s/ Stacey A. Scrivani*
                                                   Stacey A. Scrivani, Esq. (6129)
                                                   919 N. Market Street
                                                   Wilmington, DE 19801
                                                   Ph: (302) 425-3306
                                                   Stacey.scrivani@stevenslee.com

                                                   Of Counsel:
                                                   Gary R. Jones, Esq.
                                                   (*Pro Hac Vice* application forthcoming)
                                                   Danielle M. Vranian, Esq.
                                                   (*Pro Hac Vice* application forthcoming)

                                                   BAXTER, BAKER, SIDLE, CONN & JONES, P.A.

                                                   *Attorneys for Proposed Defendant-Intervenor First Capital Real Estate Trust, Inc.*

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July 2022, a copy of the Motion to Intervene, Brief in Support thereof and Proposed Order was filed electronically via ECF to:

> Joseph J. Bellew, Esquire
> White and Williams LLP
> 600 N. King Street, Suite 800
> Wilmington, DE 19801
>
> Shane R. Heskin, Esquire
> White and Williams LLP
> 1650 Market Street, Suite 1800
> Philadelphia, PA 19103
> ***Counsel for Plaintiff FTE Networks, Inc.***

>   */s/ Stacey A. Scrivani*
>   Stacey A. Scrivani, Esq. (6129)

1