## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTE NETWORKS, INC. | : |
|           Plaintiff | : |
| v. | :    No. 1:22-cv-00785 |
| ALEXANDER SZKARADEK AND ANTONI SZKARADEK | : |
|           Defendants | : |

**DEFENDANTS' BRIEF IN OPPOSITION TO FIRST CAPITAL
REAL ESTATE TRUST, INC.'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................................ ii

I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................1

II. SUMMARY OF ARGUMENT ..........................................................................................1

III. STATEMENT OF FACTS ................................................................................................1

IV. ARGUMENT .....................................................................................................................2

V.  CONCLUSION ..................................................................................................................3

# **TABLE OF CITATIONS**

**CASES**

*Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151 (2004)............................................................. 3

**STATUTES**

8 Del.C. §371 ("Definition; qualification to do business in State; procedure") ............................. 2

MD Corp & Assn Code § 3-503(d) (2015) ("Forfeiture of charter for nonpayment of taxes or failure to file report") ................................................................................................ 3

MD Corp & Assn Code, §3-514 ("Prohibition against doing business after forfeiture")............... 3

Defendants, Alexander Szkaradek and Antoni Szkaradek ("Szkaradeks"), by and through their undersigned counsel, hereby oppose the Motion to Intervene filed by Movant First Capital Real Estate Trust, Inc. ("FC REIT") in this action.

## I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

Plaintiff, FTE Networks, Inc. ("FTE"), recently filed the above-captioned action seeking a judgment and order: (i) permanently enjoining the Szkaradeks from transferring any shares of FTE to certain individuals, (ii) directing the Szkaradeks to transfer 11,031,688 of their FTE shares to FC REIT; (iii) enjoining the Szkaradeks from exercising any rights related to the 11,031,688 FTE shares; (iv) directing the return of all of the Szkaradeks' FTE shares to FTE; and (v) awarding damages and attorneys' fees. The Szkaradeks' responsive pleading is due on September 6, 2022.  FC REIT has filed a Motion to Intervene and accompanying Brief in support of its Motion, claiming an interest in 11,031,688 of the FTE shares currently held by the Szkaradeks.

## II.    SUMMARY OF ARGUMENT

FC REIT has forfeited its charter and is not registered to do business in Delaware.  As a result, FC REIT cannot intervene in this action.

## III.   STATEMENT OF FACTS

FTE filed its Complaint in this matter on June 14, 2022.  The Szkaradeks accepted service on July 7, 2022, and as a result the Szkaradeks's responsive pleading is due on or before September 6, 2022.  The Szkaradeks oppose all the relief requested in the Complaint, and the factual and legal basis for their opposition will be set forth in their timely filed responsive pleading.

## IV. ARGUMENT

FC REIT's Motion should be denied for two important reasons.

First, FC REIT is not registered to do business in Delaware, which prohibits FC REIT from intervening in this case. Pursuant to 8 Del.C. §371, no foreign corporation shall do any business in this State, through or by branch offices, agents or representatives located in this State, until it shall have paid to the Secretary of State of this State for the use of this State, $80, and shall have filed in the office of the Secretary of State: (1) a certificate, as of a date not earlier than 6 months prior to the filing date, issued by an authorized officer of the jurisdiction of its incorporation evidencing its corporate existence; (2) a statement executed by an authorized officer of each corporation setting forth (i) the name and address of its registered agent in this State, which agent may be any of the foreign corporation itself, an individual resident in this State, a domestic corporation, a domestic partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)), a domestic limited liability company, a domestic statutory trust, a foreign corporation (other than the foreign corporation itself), a foreign partnership (whether general (including a limited liability partnership) or limited (including a limited liability limited partnership)), a foreign limited liability company or a foreign statutory trust, (ii) a statement, as of a date not earlier than 6 months prior to the filing date, of the assets and liabilities of the corporation, and (iii) the business it proposes to do in this State, and a statement that it is authorized to do that business in the jurisdiction of its incorporation. The statement shall be acknowledged in accordance with § 103 of this title.

Here, FC REIT seeks to intervene in this action to defend its alleged property interests regarding the ownership of 11,031,688 of the FTE shares currently held by the Szkaradeks.

Because FC REIT is not registered to do business in Delaware, FC REIT is not permitted to do so and its Motion to Intervene therefore must be denied.

Second, FC REIT is a Maryland corporation, and according to the State of Maryland, FC REIT is not in good standing. On October 15, 2021, the Maryland State Department of Assessments & Taxation (MD SDAT) issued a proclamation forfeiting FC REIT's charter following its failure to file a property tax return for 2020. *See* Certificate issued by the State of Maryland, Department of Assessments and Taxation, attached hereto as Exhibit "A". Pursuant to MD Corp & Assn Code § 3-503(d) (2015), upon issuance of the proclamation, "the charters of the corporation are repealed, annulled, and forfeited, and the powers conferred by law on the corporations are inoperative, null, and void as of the date of the proclamation, without proceedings of any kind either at law or in equity." Accordingly, a corporation cannot conduct any business, including instituting or defending a lawsuit, or, in this case, intervening into litigation, except to liquidate or wind up the corporation, and any person who conducts business for the account of a corporation whose charter has been forfeited is guilty of a misdemeanor. MD Corp & Assn Code, §3-514. In fact, legal filings made by the forfeited corporation, such as the Motion to Intervene into this case, are a legal nullity. *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163 (2004). Consequently, FC REIT does not have standing to intervene in this lawsuit and its Motion to Intervene must be denied.

## V. **CONCLUSION**

For these reasons, Defendants, Alexander Szkaradek and Antoni Szkaradek, respectfully request that this Honorable Court enter an Order denying the Motion to Intervene.

3

          Respectfully submitted,

          **LAMB McERLANE PC**

Dated: July 28, 2022    By:    */s/ Joel L. Frank*
          Joel L. Frank (*pro hac vice*)
          John J. Cunningham, IV (*pro hac vice*)
          Virginia Whitehill Guldi, ID No. 2792
          LAMB McERLANE, PC
          24 East Market Street, P.O. Box 5656
          West Chester, Pennsylvania 19381
          Telephone: (610) 430-8000
          Email: jfrank@lambmcerlane.com
          Email: jcunningham@lambmcerlane.com
          Email: vguldi@lambmcerlane.com

          *Attorneys for Defendants*
          *Alexander Szkaradek and Antoni Szkaradek*