# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FTE NETWORKS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:22-cv-00785-MN |
| | : | |
| ALEXANDER SZKARADEK, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**FIRST CAPITAL REAL ESTATE TRUST, INC.'S
<u>REPLY IN SUPPORT OF ITS MOTION TO INTERVENE</u>**

## **TABLE OF CONTENTS**

I.    Statement of Facts ................................................................................................................. 1

II.    Argument ............................................................................................................................... 2

III.    Conclusion ............................................................................................................................ 3

SL1 1798391v1 116689.00001

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*CTS Corp. v. Dynamics Corp. of Am.*,
  481 U.S. 69, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987)...................................................................2

**State Cases**

*In re AXA Fin., Inc. S'holders Litig.*,
  2002 WL 1283674 (Del.Ch. May 22, 2002)..............................................................................2

*Coyle v. Peoples*,
  *349 A.2d 870* (Del. Sup. 1975) ...................................................................................................2

*Dual Inc. v. Lockheed Martin Corp.*,
  383 Md. 151 (2004) ....................................................................................................................2

*Hynson v. Drummond Coal Co.*,
  601 A.2d 570 (Del.Ch.1991)......................................................................................................2

**State Statutes**

Md. Code Ann., Corps. & Ass'n § 3-515 (a) ...................................................................................2

Md. Code Ann., Corps & Ass'n § 3-515 (c) ................................................................................2,3

**Rules**

F.R.C.P 24........................................................................................................................................2

**I. STATEMENT OF FACTS**

On July 14, 2022, FC REIT filed its Motion to Intervene in this action. *See* Doc. No. 6. The basis for the Motion to Intervene is simple. On April 2, 2021, the parties executed an amendment to the Purchase Agreement which called for FTE to issue 22,063,376 shares of its common stock to the Szkaradeks, on the express condition that they provide 11,031,688 of those shares to FC REIT. *See* Doc. No. 1, Ex. F, Section 1.5. Despite this contractual requirement, the Szkaradeks have begun transferring their FTE shares to entities affiliated with Suneet Singal, the former Chief Executive Officer of FC REIT, rather than to FC REIT. *See* Doc. No. 1, ¶¶ 100-105. To date, FC REIT has not received the transfer of shares.

In conjunction with the winding up of FC REIT, the Board of FC REIT authorized the filing of this Motion to Intervene. Affidavit of R. Leider, attached hereto as **Exhibit A**. Specifically, on a teleconference in November of 2021, Richard Lieder, the Chairman of the FC REIT Board participated in a teleconference wherein Frank Forelle, the Chief Executive Officer of FC REIT was tasked with ensuring that the transfer of ownership of the FTE shares to FC REIT was completed. Exhibit A ¶4. To that end, in April of 2022, the Board of FC REIT authorized the filing of a motion to intervene in an action that was then pending in Pennsylvania. Exhibit A ¶5. That action has since been dismissed on jurisdiction grounds unrelated to FC REIT; however, the issue with respect to the transfer of the FTE shares to FC REIT is identical in the instant action to the Pennsylvania action. Exhibit A ¶5. Moreover, since Mr. Forelle took over as the chief executive officer of FC REIT, no business has been conducted in Delaware to necessitate a registration in Delaware to do business. Affidavit of F. Forelle, attached hereto as **Exhibit B ¶4**. FC REIT is simply engaged in the ordinary tasks which are required to liquidate and wind up the affairs of a business. Exhibit B ¶5. One of those tasks is collecting any and all assets of the corporation, including the transfer of the FTE shares. Exhibit B ¶7

## II. ARGUMENT

Rather than dispute that FC REIT satisfies the intervention requirements in F.R.C.P 24, the Szkaradeks argue FC REIT cannot intervene because it is not registered to do business in Delaware and has forfeited its charter. Both arguments are wholly without merit.

First, FC REIT does not allege, nor could it, that it is registered to do business in Delaware because no such registration is necessary, and FC REIT does no business in Delaware. Indeed, FC REIT is actively engaged in the winding up of its affairs and does no business anywhere. FC REIT need not be registered to do business in Delaware in order to intervene in an action pending the Federal District Court sitting in that state. *See Coyle v. Peoples, 349 A.2d 870, 873* (Del. Sup. 1975).

Second, as a Maryland business entity, Maryland law controls and is clear. *See Hynson v. Drummond Coal Co.*, 601 A.2d 570, 576 (Del.Ch.1991); *see also CTS Corp. v. Dynamics Corp. of Am.,* 481 U.S. 69, 89, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS S § 304 (1971)); *In re AXA Fin., Inc. S'holders Litig.,* 2002 WL 1283674, at *5 (Del.Ch. May 22, 2002). "When the charter of a Maryland corporation has been forfeited, until a court appoints a receiver, the directors of the corporation shall manage its assets for purposes of liquidation." Md. Code Ann., Corps. & Ass'n § 3-515 (a). Specifically, Maryland law provides that the directors of the corporation may "(3) Sue or be sued in the name of the corporation; and (4) Do all other acts consistent with law and the charter of the corporation necessary or proper to liquidate the corporation and wind up its affairs." *Id.* at (c). To fully and completely wind up its affairs, FC REIT has the authority under Maryland law to pursue its assets including engaging in litigation. *Id.* Even the case law cited by the Szkaradeks acknowledges this power of the Board. *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163 (2004). "Section 3-515 provides that '[w]hen the charter of a Maryland corporation has been

2

forfeited, until a court appoints a receiver, the directors of the corporation become the trustees of its assets *for purposes of liquidation.*'"  *Id.* (emphasis in the original).

Critical to the liquidation and winding up of the affairs of FC REIT is marshalling its assets. Those assets include the 11,031,688 FTE shares that should have been transferred to FC REIT more than a year ago. FC REIT seeks to intervene here to marshal those assets in connection with its liquidation and winding up of affairs.

### III. CONCLUSION

Accordingly, FC REIT respectfully requests that this Court grant its Motion to Intervene as it is actively engaged in the winding up of its affairs and a necessary aspect of that is the management of its assets, including the transfer of the ownership of the FTE shares from the Szkaradeks to the FC REIT.

Dated: August 4, 2022

STEVENS & LEE, P.C.

By: */s/ Stacey A. Scrivani*
Stacey A. Scrivani (6129)
919 N. Market Street
Suite 1300
Wilmington, DE 19801

Of Counsel:
Gary R. Jones
(*Pro Hac Vice* application forthcoming)
Danielle M. Vranian
(*Pro Hac Vice* application forthcoming)

BAXTER, BAKER, SIDLE, CONN & JONES, P.A.

*Attorneys for Proposed Defendant-Intervenor First Capital Real Estate Trust, Inc.*

3

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 4th day of August 2022, a copy of the Reply in Support of the Motion to Intervene was filed electronically via ECF to:

>Joseph J. Bellew, Esquire
>White and Williams LLP
>600 N. King Street, Suite 800
>Wilmington, DE 19801
>
>Shane R. Heskin, Esquire
>White and Williams LLP
>1650 Market Street, Suite 1800
>Philadelphia, PA 19103
>***Counsel for Plaintiff FTE Networks, Inc.***

>*/s/ Stacey A. Scrivani*
>Stacey A. Scrivani, Esq. (6129)