## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTE NETWORKS, INC., | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| ALEXANDER SZKARADEK AND | : Case No.: 1:22-cv-00785-MN |
| ANTONI SZKARADEK, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

### AMENDED ANSWER TO COUNTERCLAIMS WITH AFFIRMATIVE DEFENSES

By stipulation of agreement with counsel[1] and having served a copy of the original Answer to Counterclaims upon all parties on September 26, 2022[2], Plaintiff FTE Networks, Inc. ("FTE"), by and through its attorneys White and Williams LLP, hereby submits the Amended Answer to the Counterclaims of Defendants Alexander and Antoni Szkaradek ("the Szkaradeks") with Affirmative Defenses pursuant to Federal Rule of Civil Procedure 15(a)(1), as follows:

### COUNTERCLAIM

#### Nature of Dispute

165.      Admitted in part; denied in part.  FTE Networks is a corporation duly organized under the laws of Nevada with its principal place of business located in Naples, Florida.

166.      Admitted in part, denied in part.  It is admitted that FTE was publicly-traded on the New York Stock Exchange.  Plaintiff specifically denies the remaining averments set forth in Paragraph 166 of the Counterclaim.

---

[1] Email stipulation of Virginia Guldi, Esq. is attached hereto as **Exhibit A**.
[2] A true and correct copy of FTE's original time-stamped Answer to Counterclaim is attached hereto as **Exhibit B**.

167.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

168.     Admitted in part, denied in part.  It is admitted that the Vision Portfolio was principally-owned by the Szkaradeks and was managed by Vision Property Management, LLC which was owned by the Szkaradeks.  Plaintiff specifically denies the remaining averments set forth in Paragraph 168 of the Counterclaim.

169.     Denied.  The averments set forth in Paragraph 169 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

170.     Admitted in part, denied in part.  It is admitted that FTE created a wholly-owned subsidiary, USHR.  Plaintiff specifically denies the remaining averments set forth in Paragraph 170 of the Counterclaim.

171.     Admitted in part, denied in part.  It is admitted that the attorney generals of multiple states initiated consumer rights litigation against the Vision Portfolio and the Szkaradeks.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 171, which accordingly is denied.

172.     Denied.  The averments set forth in Paragraph 172 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

173.     Denied.  Plaintiff specifically denies each and every averment set forth in Paragraph 173 of the Counterclaim and demand strict proof thereof during discovery and at the

29652796v.1

time of trial.  Moreover, the allegations in Paragraph 173 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

174.     Admitted in part, denied in part.  It is admitted that a receiver has been appointed by a state court in Pennsylvania in a related matter.  Plaintiff specifically denies the remaining averments set forth in Paragraph 174 of the Counterclaim.

<u>General Allegations</u>

175.     Admitted upon information and belief.

176.     Admitted in part, denied in part.  It is admitted that FTE's shareholders commenced litigation in Nevada in a related matter.  The Complaint in the matter of *Innovativ v. Beys, et al.*, 1:22-cv-01184 (D. Nev.), is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

177.     Admitted.

178.     Admitted.

179.     Denied.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of this allegation, which accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

180.     Denied.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of this allegation, which accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

29652796v.1

181.     Denied.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of this allegation, which accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

182.     Admitted in part, denied in part.  It is admitted that FTE entered into the PSA on December 20, 2019.  Plaintiff specifically denies the remaining averments set forth in Paragraph 182 of the Counterclaim.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

183.     Admitted in part, denied in part.  It is admitted that Michael Beys was interim CEO of FTE and hired Troutman Pepper to draft the PSA.   Plaintiff specifically denies the remaining averments set forth in Paragraph 183 of the Counterclaim.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

184.     Denied as stated.  The so-called "investment memorandum" allegedly prepared by lateral Investment Management is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

185.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

186.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

187.      Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

188.      Denied.  Defendants specifically deny each and every averment set forth in Paragraph 188 of the Counterclaim and demand strict proof thereof during discovery and at the time of trial.

189.      Admitted in part, denied in part.  It is admitted that FTE entered into a First Amendment to the PSA on December 30, 2019.  The First Amendment is a written document which speaks for itself.  Plaintiff specifically denies the remaining averments set forth in Paragraph 189 of the Counterclaim.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

190.      Denied.  The averments set forth in Paragraph 190 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

191.      Admitted in part, denied in part.  It is admitted that the Pennsylvania Attorney General obtained a temporary restraining order against the Szkaradeks.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 191, which accordingly is denied.

192.      Denied as stated.  The escrow agreement is a written document which speaks for itself.  Moreover, after reasonable investigation, Plaintiff is without knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 192, which accordingly is denied.

193.    Denied as stated.  The Beys verification and Fernandez affidavit are written documents which speak for themselves.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

194.    Denied.  The averments set forth in Paragraph 194 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

195.    Admitted in part, denied in part.  It is admitted that DLP initiated litigation in Northampton County, Pennsylvania.  The Complaint in that matter is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

196.    Admitted in part, denied in part.  It is admitted that FTE filed a 10-K on November 5, 2020, which is a written document that speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

197.    Admitted in part, denied in part.  It is admitted that FTE issued a shareholder update on or around December 22, 2020, which is a written document that speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

198.     Denied as stated.  The FTE shareholder update is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

199.     Admitted in part, denied in part.  It is admitted that FTE entered into a Second Amendment to the PSA on April 2, 2021.  The Second Amendment is a written document which speaks for itself.  Plaintiff specifically denies the remaining averments set forth in Paragraph 199 of the Counterclaim.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

200.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 200 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

201.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

202.     Denied.  The averments set forth in Paragraph 202 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

203.     Denied.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 203, which accordingly is denied.

204.     Denied.  After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 204, which accordingly is denied.

205.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 205 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

206.     Admitted in part, denied in part.  It is admitted that De Silva offered financing to FTE in exchange for increased voting rights.  It is specifically denied that De Silva requested a poison pill.  Plaintiff moreover denies the remaining averments set forth in Paragraph 206 of the Counterclaim.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

207.     Denied.  The averments set forth in Paragraph 207 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  By way of further response, FTE has brought claims against only those parties involved in the conspiracy to defraud FTE; not "all shareholders" as alleged in Paragraph 207.

208.     Admitted.

209.     Denied.  The averments set forth in Paragraph 209 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

210.     Denied.  The averments set forth in Paragraph 210 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

211.     Admitted.

212.     Admitted in part, denied in part.  It is admitted that the Pennsylvania court dismissed FTE's claims against the Szkaradeks.  Plaintiff denies the remaining averments set

forth in Paragraph 212 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

213.    Denied.  Defendants specifically deny each and every averment set forth in Paragraph 213 of the Counterclaim and demand strict proof thereof during discovery and at the time of trial.

214.    Denied.  Defendants specifically deny each and every averment set forth in Paragraph 214 of the Counterclaim and demand strict proof thereof during discovery and at the time of trial.

215.    Denied.  Defendants specifically deny each and every averment set forth in Paragraph 215 of the Counterclaim and demand strict proof thereof during discovery and at the time of trial.

216.    Denied.  The averments set forth in Paragraph 216 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

217.    Denied as stated.  The Complaint in this action is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 217 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

218.    Admitted in part, denied in part.  It is admitted that FTE's shareholders commenced litigation in Nevada in a related matter.  The Complaint in the matter of *Innovativ v. Beys, et al.*, 1:22-cv-01184 (D. Nev.), is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 218 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

219.	Denied.  The averments set forth in Paragraph 219 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

220.	Admitted.

221.	Denied as stated.  The Notice of Annual Meeting of Stockholders is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

222.	Admitted.

223.	Admitted in part, denied in part.  It is admitted that Cunningham was not nominated for a Board Director seat at the August 29, 2022 meeting.  Plaintiff denies the remaining averments set forth in Paragraph 223 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

224.	Denied as stated.  The Notice of Annual Meeting of Stockholders is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 224 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

225.	Denied.  The averments set forth in Paragraph 225 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

226.	Denied.  The averments set forth in Paragraph 226 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

227.     Denied.  The averments set forth in Paragraph 227 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

228.     Denied.  The averments set forth in Paragraph 228 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

229.     Denied.  The averments set forth in Paragraph 229 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

230.     Denied.  The averments set forth in Paragraph 230 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

231.     Denied.  The averments set forth in Paragraph 231 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

232.     Denied.  The averments set forth in Paragraph 232 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

233.     Denied.  The averments set forth in Paragraph 233 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

234.     Admitted.

235.        Denied as stated.  The Complaint in the matter of *Innovativ v. Beys, et al.*, 2:22-cv-01362 (D. Nev.), is a written document which speaks for itself.  Plaintiff denies the remaining averments set forth in Paragraph 235 of the Counterclaim as they constitute conclusions of law, to which no responsive pleading is required.

236.        Admitted in part, denied in part.  It is admitted that FTE cancelled the August 29, 2022 shareholders' meeting.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

237.        Denied.  The averments set forth in Paragraph 237 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

## COUNT I – FRAUDULENT INDUCEMENT

238.        Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

239.        Denied.  The averments set forth in Paragraph 239 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

240.        Denied.  The averments set forth in Paragraph 240 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

241.        Denied.  The averments set forth in Paragraph 241 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

-12-

242.     Denied.  The averments set forth in Paragraph 242 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

243.     Denied.  The averments set forth in Paragraph 243 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

244.     Denied.  The averments set forth in Paragraph 244 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

245.     Denied.  The averments set forth in Paragraph 245 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

246.     Denied.  The averments set forth in Paragraph 246 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

247.     Denied.  The averments set forth in Paragraph 247 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

-13-

## COUNT II – MISREPRESENTATION
### (in the alternative to the fraudulent inducement claim)

248.      Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

249.      Denied.  The averments set forth in Paragraph 249 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

250.      Denied.  The averments set forth in Paragraph 250 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

251.      Denied.  The averments set forth in Paragraph 251 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

252.      Denied.  The averments set forth in Paragraph 252 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

253.      Denied.  The averments set forth in Paragraph 253 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

254.      Denied.  The averments set forth in Paragraph 254 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed

denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

255.     Denied.  The averments set forth in Paragraph 255 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

256.     Denied.  The averments set forth in Paragraph 256 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT III – BREACH OF CONTRACT

257.     Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

258.     Denied as stated.  The so-called "PSA" and Second Amendment are written documents which speak for themselves.  Moreover, the allegations in Paragraph 258 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

259.     Denied as stated.  The so-called "PSA" and Second Amendment are written documents which speak for themselves.  Moreover, the allegations in Paragraph 259 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29652796v.1

260.     Denied.  The averments set forth in Paragraph 260 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

261.     Denied.  The averments set forth in Paragraph 261 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

262.     Denied.  The averments set forth in Paragraph 262 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

<u>**COUNT IV – NEGLIGENT MISREPRESENTATION**</u>
<u>**(In the Alternative)**</u>

263.     Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

264.     Denied.  The averments set forth in Paragraph 264 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

265.     Denied.  The averments set forth in Paragraph 265 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

29652796v.1

266.        Denied.  The averments set forth in Paragraph 266 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

267.        Denied.  The averments set forth in Paragraph 267 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

268.        Denied.  The averments set forth in Paragraph 268 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

269.        Denied.  The averments set forth in Paragraph 269 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT V – DECLARATORY JUDGMENT

270.        Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

271.        Admitted.

272.        Denied.  The averments set forth in Paragraph 272 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

273.       Denied.  The averments set forth in Paragraph 273 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

274.       Denied.  The averments set forth in Paragraph 274 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

275.       Denied.  The averments set forth in Paragraph 275 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT VI – ACCOUNTING

276.       Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

277.       Denied.  The averments set forth in Paragraph 277 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

278.       Denied.  The averments set forth in Paragraph 278 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

29652796v.1

279.     Denied.  The averments set forth in Paragraph 279 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

280.     Denied.  The averments set forth in Paragraph 280 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT VII – INJUNCTIVE RELIEF

281.     Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

282.     Denied.  The averments set forth in Paragraph 282 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

283.     Denied.  The averments set forth in Paragraph 283 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

284.     Denied.  The averments set forth in Paragraph 284 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

-19-

285.     Denied.  The averments set forth in Paragraph 285 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT VIII – ABUSE OF PROCESS

286.     Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

287.     Denied.  The averments set forth in Paragraph 287 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

288.     Denied.  The averments set forth in Paragraph 288 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

289.     Denied.  The averments set forth in Paragraph 289 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

290.     Denied.  The averments set forth in Paragraph 290 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

291.     Denied.  The averments set forth in Paragraph 291 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## COUNT IX – VIOLATION OF SEC RULE 10b-5

292.     Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

293.     Denied.  The averments set forth in Paragraph 293 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

294.     Denied.  The averments set forth in Paragraph 294 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

295.     Denied.  The averments set forth in Paragraph 295 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

296.     Denied.  The averments set forth in Paragraph 296 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

297.     Denied.  The averments set forth in Paragraph 297 of the Counterclaim constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant fails to state claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's breach of contract claim fails because any duties owed by Plaintiff to Defendant were discharged upon Defendant's own material breaches of the Agreements.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by application of the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are each barred because Defendant has not sustained any cognizable damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by Defendant's failure to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part because Defendant failed to comply with the terms and conditions of the Agreements.

29652796v.1

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part because Defendant failed to satisfy conditions precedent and/or conditions subsequent to the Agreements.

### NINTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part, because Defendant's agents failed to act in good faith and commercially reasonable manner in dealing with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part because any alleged damages (which are specifically denied) were caused by the actions and/or omissions of Defendant, Defendant's agents, or third parties, and not by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's claims are barred because payments are owed by Defendant under the terms and conditions of the Agreements.

**WHEREFORE**, FTE Networks, Inc. respectfully requests that this Court enter judgment in its favor against Defendant Szkaradeks dismissing the Counterclaims with prejudice, together with an award of reasonable costs and attorneys' fees, as permitted by applicable law, and to grant such further relief as this Court deems to be just and appropriate.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

Dated: September 28, 2022

By: /s/ Timothy S. Martin
    Timothy S. Martin (#4578)
    Courthouse Square
    600 North King Street, Suite 800
    Wilmington, DE  19801
    (302) 467-4509
    martint@whiteandwilliams.com

-23-

- *and*

Shane R. Heskin, Esq.
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6329
heskins@whiteandwilliams.com
*Admitted Pro Hac Vice*

*Attorneys for FTE Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a complete copy of the foregoing Amended Answer to

Counterclaim with Affirmative Defenses has been filed electronically and that, on September 28,

2022, a copy of the pleading was served upon all counsel of record via the ECF filing system.

**WHITE AND WILLIAMS LLP**

By:  /s/ Timothy S. Martin
　　　Timothy S. Martin (#4578)
　　　Courthouse Square
　　　600 North King Street, Suite 800
　　　Wilmington, DE  19801
　　　(302) 467-4509
　　　martint@whiteandwilliams.com

-25-

29652796v.1