**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FTE NETWORKS, INC., | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| ALEXANDER SZKARADEK AND | : Case No.: 1:22-cv-00785-MN |
| ANTONI SZKARADEK, | : |
| | : |
| Defendants/Third-Party Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| MICHAEL BEYS; RICHARD DE SILVA; US | : |
| HOME RENTALS, LLC; LATERAL U.S. | : |
| OPPORTUNITIES FUND AI, L.P.; LATERAL | : |
| U.S. CREDIT OPPORTUNITIES FUND QP, L.P.; | : |
| LATERAL CREDIT OPPORTUNITIES, LLC; | : |
| LATERAL INVESTMENT MANAGEMENT, | : |
| LLC; LATERAL FTE FEEDER, LLC; and | : |
| LATERAL JUSCOM FEEDER, LLC | : |
| | : |
| Additional Defendants. | : |

## <u>ANSWER TO COUNTERCLAIMS</u>

Additional Defendants Michael Beys ("Beys"), Richard De Silva ("De Silva"), US Home

Rentals, LLC ("USHR"), Lateral U.S. Opportunities Fund AI, L.P., Lateral U.S. Credit

Opportunities Fund QP, L.P., Lateral Credit Opportunities, LLC, Lateral Investment Management,

LLC, Lateral FTE Feeder, LLC, and Lateral Juscom Feeder, LLC ("Lateral") (collectively referred

to hereafter as "Additional Defendants") by and through their attorneys White and Williams LLP,

hereby answer the Third-Party Complaint of Defendants/Third-Party Plaintiffs Alexander and

Antoni Szkaradek ("the Szkaradeks") as follows:

1.      Admitted.

**The Parties**

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted in Part and Denied in Part the entity has a minor typo in the name "Lateral U.S. Credit Opportunities Fund QP, L.P."

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

**General Allegations**

11.     Admitted in part, denied in part.  It is admitted that FTE's common stock traded on the New York Stock Exchange.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 11 of the Third-Party Complaint.

12.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

13.     Admitted in part, denied in part.  It is admitted that the Vision Portfolio was principally-owned by the Szkaradeks and was managed by Vision Property Management, LLC which was owned by the Szkaradeks.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 13 of the Third-Party Complaint.

29893873v.1

14.     Denied.  The averments set forth in Paragraph 14 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

15.     Admitted in part, denied in part.  It is admitted that FTE created a wholly-owned subsidiary, USHR.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 15 of the Third-Party Complaint.

16.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

17.     Admitted in part, denied in part.  It is admitted that the attorneys general of multiple states initiated consumer rights litigation against the Vision Portfolio and the Szkaradeks.  After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, which accordingly is denied.

18.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 18 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.

19.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 19 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.  Moreover, the allegations in Paragraph 19 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

20.     Admitted in part, denied in part.  It is admitted that a receiver was appointed by a state court in Pennsylvania in a related matter.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 20 of the Third-Party Complaint.

### Specific Allegations

21.     Admitted upon information and belief.

22.     Admitted in part, denied in part.  It is admitted that certain FTE shareholders commenced litigation in Nevada. The Complaint in the matter of *Innovativ v. Beys, et al.*, 1:22-cv-01184 (D. Nev.), is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

23.     Admitted.

24.     Admitted.

25.     Denied.    After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, which accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

26.     Denied.    After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, which accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

27.     Denied.    After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, which

accordingly is denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

28.     Admitted in part, denied in part.  It is admitted that FTE entered into the PSA on December 20, 2019.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 28 of the Third-Party Complaint.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

29.     Admitted in part, denied in part.  It is admitted that Michael Beys was interim CEO of FTE and hired Troutman Pepper to draft the PSA.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 29 of the Third-Party Complaint.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

30.     Denied as stated.  The so-called "investment memorandum" allegedly prepared by Lateral Investment Management, LLC is a written document which speaks for itself.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

31.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

32.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To

the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

33.     Denied as stated.  The so-called "PSA" is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

34.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 34 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.

35.     Admitted in part, denied in part.  It is admitted that FTE entered into a First Amendment to the PSA on December 30, 2019.  The First Amendment is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 35 of the Third-Party Complaint.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

36.     Denied.  The averments set forth in Paragraph 36 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

37.     Denied.  The averments set forth in Paragraph 37 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore

deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

38.     Admitted in part, denied in part.  It is admitted that the Pennsylvania Attorney General obtained a temporary restraining order against the Szkaradeks.   After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38, which accordingly are denied.

39.     Denied as stated.  The escrow agreement is a written document which speaks for itself.   Answering Additional Defendants deny any characterizations inconsistent therewith. Moreover, after reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, which accordingly is denied.

40.     Denied as stated.   The Beys verification and Fernandez affidavit are written documents which speak for themselves. Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

41.     Denied.  The averments set forth in Paragraph 41 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

42.     Denied.  The averments set forth in Paragraph 42 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

43.     Admitted in part, denied in part.  It is admitted that DLP initiated litigation in Northampton County, Pennsylvania.  The Complaint in that matter is a written document which speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

44.     Admitted in part, denied in part.  It is admitted that FTE filed a Form 10-K on November 5, 2020, which is a written document that speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

45.     Admitted in part, denied in part.  It is admitted that FTE issued a shareholder update on or around December 22, 2020, which is a written document that speaks for itself.  Answering Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

46.     Denied.  The averments set forth in Paragraph 46 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

47.     Admitted in part, denied in part.  It is admitted that FTE entered into a Second Amendment to the PSA on April 2, 2021.  The Second Amendment is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants specifically deny the remaining averments set forth in Paragraph 47 of the

Third-Party Complaint.  To the extent any of the averments in this paragraph are deemed factual in nature, Plaintiff demands strict proof thereof during discovery and at the time of trial.

48.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants deny the remaining averments set forth in Paragraph 48 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

49.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

50.     Denied.  The averments set forth in Paragraph 50 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

51.     Denied.  After reasonable investigation, Additional Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51, which accordingly is denied.

52.     Denied as stated.  The Second Amendment is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants deny the remaining averments set forth in Paragraph 52 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

53.     Admitted in part, denied in part.  It is admitted that De Silva offered financing to FTE in exchange for increased voting rights.  It is specifically denied that De Silva requested a poison pill.  Additional Defendants moreover deny the remaining averments set forth in Paragraph

29893873v.1

53 of the Third-Party Complaint.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

54.     Denied.  The averments set forth in Paragraph 54 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  By way of further response, FTE has brought claims against only those parties involved in the conspiracy to defraud FTE; not "all shareholders" as alleged in Paragraph 54.

55.     Admitted.

56.     Denied.  The averments set forth in Paragraph 56 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

57.     Denied.  The averments set forth in Paragraph 57 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

58.     Admitted.

59.     Admitted in part, denied in part.  It is admitted that the Pennsylvania court dismissed FTE's claims against Defendants/Third-Party Plaintiffs the Szkaradeks.  Additional Defendants deny the remaining averments set forth in Paragraph 59 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

60.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 60 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.

61.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 61 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.

62.     Denied.  Additional Defendants specifically deny each and every averment set forth in Paragraph 62 of the Third-Party Complaint and demand strict proof thereof during discovery and at the time of trial.

63.     Denied.  The averments set forth in Paragraph 63 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

64.     Denied as stated.  The Complaint in the present action is a written document which speaks for itself.   Additional Defendants deny any characterizations inconsistent therewith. Additional Defendants deny the remaining averments set forth in Paragraph 64 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

65.     Admitted in part, denied in part.  It is admitted that a complaint was filed in Nevada, captioned *Innovativ v. Beys, et al.*, 1:22-cv-01184 (D. Nev.). This complaint is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith. Additional Defendants deny the remaining averments set forth in Paragraph 65 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

66.     Denied.  The averments set forth in Paragraph 66 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

67.     Admitted.

29893873v.1

68.     Denied as stated.  The Notice of Annual Meeting of Stockholders is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demands strict proof thereof during discovery and at the time of trial.

69.     Admitted in part, denied in part.

70.     Admitted in part, denied in part.  It is admitted that Cunningham was not nominated for a Board Director seat at the August 29, 2022 meeting.  Additional Defendants deny the remaining averments set forth in Paragraph 70 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

71.     Denied as stated.  The Notice of Annual Meeting of Stockholders is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants deny the remaining averments set forth in Paragraph 71 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

72.     Denied.  The averments set forth in Paragraph 72 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

73.     Denied.  The averments set forth in Paragraph 73 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

74.     Denied.  The averments set forth in Paragraph 74 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

75.     Denied.  The averments set forth in Paragraph 75 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

76.     Denied.  The averments set forth in Paragraph 76 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

77.     Denied.  The averments set forth in Paragraph 77 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

78.     Denied.  The averments set forth in Paragraph 78 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

79.     Denied.  The averments set forth in Paragraph 79 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

80.     Denied.  The averments set forth in Paragraph 80 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

81.     Admitted.

82.     Denied as stated.  The Complaint in the matter of *Innovativ v. Beys, et al.*, 2:22-cv-01362 (D. Nev.), is a written document which speaks for itself.  Additional Defendants deny any characterizations inconsistent therewith.  Additional Defendants deny the remaining averments set

forth in Paragraph 82 of the Third-Party Complaint as they constitute conclusions of law, to which no responsive pleading is required.

83.      Admitted in part, denied in part.  It is admitted that FTE cancelled the August 29, 2022 shareholders' meeting.  Additional Defendants specifically deny the remaining allegations of this paragraph.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

84.      Denied.  The averments set forth in Paragraph 84 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**FIRST CLAIM FOR RELIEF**
**(Breach of Duty of Loyalty v. Beys and De Silva)**

85.      Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

86.      Admitted.

87.      Admitted in part, denied in part.  It is admitted that Beys and De Silva are current directors of FTE.  The remaining averments set forth in Paragraph 87 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

88.      Admitted in part, denied in part.  It is admitted that Beys is an officer of FTE.  The remaining averments set forth in Paragraph 88 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

89.      Denied.  The averments set forth in Paragraph 89 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

90.     Denied.  The averments set forth in Paragraph 90 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

91.     Denied.  The averments set forth in Paragraph 91 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

92.     Denied.  The averments set forth in Paragraph 92 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

93.     Denied.  The averments set forth in Paragraph 93 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

94.     Denied.  The averments set forth in Paragraph 94 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

95.     Denied.  The averments set forth in Paragraph 95 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

96.     Denied.  The averments set forth in Paragraph 96 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty v. Beys and De Silva)**

97.     Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

98.     Admitted.

99.     Admitted in part, denied in part.  It is admitted that Beys and De Silva are current directors of FTE.  The remaining averments set forth in Paragraph 99 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

100.     Admitted in part, denied in part.  It is admitted that Beys is an officer of FTE.  The remaining averments set forth in Paragraph 100 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

101.     Denied.  The averments set forth in Paragraph 101 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

102.     Denied.  The averments set forth in Paragraph 102 of the Third-Party Complaint and its subparagraphs (a.–v.) constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

103.    Denied.  The averments set forth in Paragraph 103 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

104.    Denied.  The averments set forth in Paragraph 104 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

105.    Denied.  The averments set forth in Paragraph 105 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### THIRD CLAIM FOR RELIEF
### (Abuse of Process v. Beys and De Silva)

106.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

107.    Denied.  The averments set forth in Paragraph 107 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

108.    Denied.  The averments set forth in Paragraph 108 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

109.    Denied.  The averments set forth in Paragraph 109 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

110.    Denied.  The averments set forth in Paragraph 110 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

111.    Denied.  The averments set forth in Paragraph 111 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

112.    Denied.  The averments set forth in Paragraph 112 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

113.    Denied.  The averments set forth in Paragraph 113 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

114.    Denied.  The averments set forth in Paragraph 114 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### FOURTH CLAIM FOR RELIEF
### (Aiding and Abetting Breach of Fiduciary Duty v. Beys and De Silva)

115.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

116.    Denied.  The averments set forth in Paragraph 116 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

117.    Denied.  The averments set forth in Paragraph 117 of the Third-Party Complaint and its subparagraphs (a.–c.) constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

118.    Denied.  The averments set forth in Paragraph 118 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

119.    Denied.  The averments set forth in Paragraph 119 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

120.     Denied.  The averments set forth in Paragraph 120 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

121.     Denied.  The averments set forth in Paragraph 121 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

## FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy v. Beys and De Silva)

122.     Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

123.     Denied.  The averments set forth in Paragraph 123 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

124.     Denied.  The averments set forth in Paragraph 124 of the Third-Party Complaint and its subparagraphs (a.–e.) constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

125.     Denied.  The averments set forth in Paragraph 125 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore

29893873v.1

deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

126.    Denied.  The averments set forth in Paragraph 126 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

127.    Denied.  The averments set forth in Paragraph 127 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

128.    Denied.  The averments set forth in Paragraph 128 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### SIXTH CLAIM FOR RELIEF
### (Fraud v. Beys)

129.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

130.    Denied.  The averments set forth in Paragraph 130 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

29893873v.1

131.    Denied.  The averments set forth in Paragraph 131 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

132.    Denied.  The averments set forth in Paragraph 132 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

133.    Denied.  The averments set forth in Paragraph 133 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

134.    Denied.  The averments set forth in Paragraph 134 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

135.    Denied.  The averments set forth in Paragraph 135 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

136.    Denied.  The averments set forth in Paragraph 136 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

137.    Denied.  The averments set forth in Paragraph 137 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

138.    Denied.  The averments set forth in Paragraph 138 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

139.    Denied.  The averments set forth in Paragraph 139 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### SEVENTH CLAIM FOR RELIEF
### (Injunctive Relief v. Beys and De Silva)

140.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

141.    Denied.  The averments set forth in Paragraph 141 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

142.    Denied.  The averments set forth in Paragraph 142 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

143.     Denied.  The averments set forth in Paragraph 143 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

144.     Denied.  The averments set forth in Paragraph 144 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

145.     Denied.  The averments set forth in Paragraph 145 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

<u>**EIGHTH CLAIM FOR RELIEF**</u>
<u>**(Fraudulent Inducement v. Beys and De Silva)**</u>

146.     Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

147.     Denied.  The averments set forth in Paragraph 147 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

148.     Denied.  The averments set forth in Paragraph 148 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

149.    Denied.  The averments set forth in Paragraph 149 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

150.    Denied.  The averments set forth in Paragraph 150 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

151.    Denied.  The averments set forth in Paragraph 151 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

152.    Denied.  The averments set forth in Paragraph 152 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

153.    Denied.  The averments set forth in Paragraph 153 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

154.    Denied.  The averments set forth in Paragraph 154 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

155.    Denied.  The averments set forth in Paragraph 155 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

## NINTH CLAIM FOR RELIEF
### (Accounting v. USHR)

156.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

157.    Denied.  The averments set forth in Paragraph 157 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

158.    Denied.  The averments set forth in Paragraph 158 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

159.    Denied.  The averments set forth in Paragraph 159 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

160.    Denied.  The averments set forth in Paragraph 153 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### TENTH CLAIM FOR RELIEF
### (Constructive Trust v. Lateral Entities)

161.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

162.    Admitted.

163.    Admitted.

164.    Admitted.

165.    Denied.  The averments set forth in Paragraph 165 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

166.    Denied.  The averments set forth in Paragraph 166 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

167.    Denied.  The averments set forth in Paragraph 167 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

168.    Denied.  The averments set forth in Paragraph 168 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

## ELEVENTH CLAIM FOR RELIEF
### (Fraudulent Inducement v. USHR)

169.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

170.    Denied.  The averments set forth in Paragraph 170 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

171.    Denied.  The averments set forth in Paragraph 171 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

172.    Denied.  The averments set forth in Paragraph 172 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

173.    Denied.  The averments set forth in Paragraph 173 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

29893873v.1

174.     Denied.  The averments set forth in Paragraph 174 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

175.     Denied.  The averments set forth in Paragraph 175 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

176.     Denied.  The averments set forth in Paragraph 176 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

177.     Denied.  The averments set forth in Paragraph 177 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

178.     Denied.  The averments set forth in Paragraph 178 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### TWELFTH CLAIM FOR RELIEF
### (Misrepresentation v. USHR)

179.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

180.    Denied.  The averments set forth in Paragraph 180 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

181.    Denied.  The averments set forth in Paragraph 181 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

182.    Denied.  The averments set forth in Paragraph 182 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

183.    Denied.  The averments set forth in Paragraph 183 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

184.    Denied.  The averments set forth in Paragraph 184 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

29893873v.1

185.     Denied.  The averments set forth in Paragraph 185 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

186.     Denied.  The averments set forth in Paragraph 186 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

187.     Denied.  The averments set forth in Paragraph 187 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### THIRTEENTH CLAIM FOR RELIEF
### (Breach of Contract v. USHR)

188.     Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

189.     Denied as stated.  The PSA and Second Amendment are written documents which speak for themselves.  Additional Defendants deny any characterizations inconsistent therewith. To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demands strict proof thereof during discovery and at the time of trial.

190.     Denied.  The averments set forth in Paragraph 190 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore

deemed denied.  To the extent any of the averments in this paragraph are deemed factual in nature, Additional Defendants demand strict proof thereof during discovery and at the time of trial.

191.    Denied.  The averments set forth in Paragraph 191 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

192.    Denied.  The averments set forth in Paragraph 192 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

193.    Denied.  The averments set forth in Paragraph 193 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in its favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate

### FOURTEENTH CLAIM FOR RELIEF
### (Injunctive Relief v. USHR)

194.    Additional Defendants incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

195.    Denied.  The averments set forth in Paragraph 194 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

196.    Denied.  The averments set forth in Paragraph 196 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

29893873v.1

197.   Denied.  The averments set forth in Paragraph 197 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

198.   Denied.  The averments set forth in Paragraph 198 of the Third-Party Complaint constitute conclusions of law, to which no responsive pleading is required, and are therefore deemed denied.

**WHEREFORE**, Additional Defendants demand judgment in their favor and against Defendants/Third Party Plaintiffs the Szkaradeks together with costs and attorneys' fees, as permitted by applicable law, and such further relief that this Court deems to be just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs fail to state claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' breach of contract claim fails because any duties owed by Additional Defendants to Defendants/Third Party Plaintiffs were discharged upon Defendants/Third Party Plaintiffs' own material breaches of the Agreements.

### THIRD AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred by application of the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are each barred because Defendants/Third Party Plaintiffs have not sustained any cognizable damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred in whole or in part by Defendants/Third Party Plaintiffs' failure to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred in whole or in part because Defendants/Third Party Plaintiffs failed to comply with the terms and conditions of the Agreements.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred in whole or in part because Defendants/Third Party Plaintiffs failed to satisfy conditions precedent and/or conditions subsequent to the Agreements.

### NINTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred in whole or in part, because Defendants/Third Party Plaintiffs' agents failed to act in good faith and commercially reasonable manner in dealing with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs' claims are barred in whole or in part because any alleged damages (which are specifically denied) were caused by the actions and/or omissions of Defendants/Third Party Plaintiffs, Defendants/Third Party Plaintiffs' agents, or third parties, and not by Additional Defendants.

29893873v.1

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants/Third Party Plaintiffs' claims are barred because payments are owed by Defendants/Third Party Plaintiffs under the terms and conditions of the Agreements.

**WHEREFORE**, Additional Defendants Michael Beys ("Beys"), Richard De Silva ("De Silva"), US Home Rentals, LLC ("USHR"), Lateral U.S. Opportunities Fund AI, L.P., Lateral U.S. Credit Opportunities Fund QP, L.P., Lateral Credit Opportunities, LLC, Lateral Investment Management, LLC, Lateral FTE Feeder, LLC, and Lateral Juscom Feeder, LLC ("Lateral") (collectively referred to hereafter as "Additional Defendants") respectfully request that this Court enter judgment in its favor against Defendants/Third Party Plaintiffs the Szkaradeks dismissing the Third-Party Complaint with prejudice, together with an award of reasonable costs and attorneys' fees, as permitted by applicable law, and to grant such further relief as this Court deems to be just and appropriate.

Dated: November 10, 2022                    Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY:  /s/Timothy S. Martin
Timothy S. Martin, Esq. (DE #4578)
600 North King Street, Suite 800
Wilmington, DE 19801-3722
(302) 467-4509
martint@whiteandwilliams.com
*Attorneys for Plaintiff/Additional Defendants*

**WHITE AND WILLIAMS LLP**

BY:
Shane R. Heskin, Esq.
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6329
heskins@whiteandwilliams.com
*Attorneys for Plaintiff/Additional Defendants*

-35-

29893873v.1