# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| FTE NETWORKS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ALEXANDER SZKARADEK AND ANTONI SZKARADEK,<br><br>  Defendants/Third-Party Plaintiffs.<br><br>v.<br><br>MICHAEL BEYS; RICHARD DE SILVA; US HOME RENTALS, LLC; LATERAL U.S. OPPORTUNITIES FUND AI, L.P.; LATERAL U.S. CREDIT OPPORTUNITIES FUND QP, L.P.; LATERAL CREDIT OPPORTUNITIES, LLC; LATERAL FTE FEEDER, LLC; and LATERAL JUSCOM FEEDER, LLC,<br><br>  Additional Defendants. | Case No.: 1:22-cv-00785-WCB<br><br>**STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER** |

WHEREAS, Defendants and Third-Party Plaintiffs Alexander and Antoni Szkaradek (the "Szkaradeks") on September 21, 2023, and September 26, 2023, raised certain alleged discovery deficiencies with respect to the June 2023 productions by Plaintiff FTE Networks, Inc. and Additional Defendants, as set forth in the above-referenced caption (collectively, the "FTE Parties," with the Szkaradeks, the "Parties");

WHEREAS, on or about October 20, 2023, this Court directed the parties to meet and confer over the Szkaradeks' alleged discovery deficiencies raised in their September 21, 2023, and September 26, 2023 letters to the FTE Parties, *see* [DI 70] (the "Meet and Confer Order");

WHEREAS, on October 26, 2023, and November 1, 2023, the Parties met and conferred in accordance with this Court's Meet and Confer Order and during said conferences the Parties agreed to entered into protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect

32046532v.1

the confidentiality of nonpublic and competitively sensitive information that may be disclosed to address the Szkaradeks' alleged deficiencies raised in their September 21, 2023, and September 26, 2023 letters and may be disclosed should the Szkaradeks identify and produce any documents responsive to the FTE Parties' prior discovery requests;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the production governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., any information of any kind produced or disclosed after the Parties' meet and confer) that a producing Party has designated as "Confidential" pursuant to this Order, no person or party subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    a. Non-public financial information (including without limitation cash flow projections, business plans, non-public unaudited financial statements, profit and loss statements and similar financial reports or models);

-3-

    b. non-publicly available communications between the FTE Parties and any government or non-government regulatory body (including without limitation the SEC, New York Stock Exchange, FINRA, Department of Justice, and any State Attorney General's Office);

    c. documents concerning compensation to any of FTE Parties' officers, directors, board members, employees or consultants;

    d. documents concerning any employment or consulting agreements with agents of the FTE Parties;

    e. documents created by the FTE Parties for the purpose of responding to the Szkaradeks' discovery requests;

    f. documents concerning any settlement or dispute resolution agreements involving any of the FTE Parties;

    g. any information of a personal or intimate nature regarding any individual; or

    h. any other category of information this Court subsequently affords confidential status.

    3.    With respect to the Confidential portion of any Discovery Material, the Producing Party or its counsel may designate such portions as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected Discovery Material in a manner that will not interfere with its legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential information completely redacted.

    4.    The Party receiving the Confidential Discovery Material (the "Receiving Party") may, within one (1) week of receipt, notify the Producing Party that the Receiving Party does not concur with the designation of a document or other material as Confidential. If the Producing

Party does not agree to declassify such document or material upon a timely request, the Receiving Party may move this Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential, as designated. If such motion is filed, the documents or other material shall be deemed Confidential, as designated, unless and until the Court rules otherwise. On such a motion, the Producing Party bears the burden of establishing the propriety of its designation of the documents or information as Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any outstanding discovery request; (b) a waiver of any privilege or protection; (c) an admission that any particular document or information exists; or (d) a ruling regarding the admissibility at trial of any document or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the Parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c. outside vendors or service provides (such as copy-service providers and document management consultants) that counsel may hire and assign to this matter, provided

       such vendor or service provider has first executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d. as to any document, its author, its addresses, and any other person indicated on the face of the document as having received a copy;

e. any witness who counsel for a Party in good faith believes may be deposed or called to testify at trial in this action, provided such person has first executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. any person a Party retains to serve as an expert witness or otherwise provide specialized advise to counsel in connection with this action, provided such person has first executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

g. the Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c) or 7(e) above, counsel must provide a copy of this Order to such person, who must sign the Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to counsel for all Parties either before such person is permitted to testify at trial or at the conclusion of the case, whichever comes first.

9. All documents that are filed with the Court that contain any portion of any Confidential Discovery Material or information taken from any Confidential Discovery Material shall be filed under seal by following the protocols for sealed filings in this Court.  The Parties agree that there is good cause and there exist compelling reasons to seal the requested information.

32046532v.1

However, if a Party believes that documents designated as Discovery Material cannot or should not be sealed, pursuant to the protocols and rules in this Court, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Confidential Discovery Material in question must be submitted under seal.  The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Confidential Discovery Material.

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.  All Parties and persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Recipients of Confidential Discovery under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

14. Each person who has access to Discovery Material designated as pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the

attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

17. Extracts and summaries of Confidential Discovery Material shall also be treated pursuant to their respective designation in accordance with the provisions of this Order.

18. This Court retains jurisdiction over all persons subject to this Order as necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED
November 27, 2023

**WHITE AND WILLIAMS LLP**

By: _/s/ *Timothy S. Martin*_
Timothy S. Martin, Esq. (DE #4578)
600 North King Street, Suite 800
Wilmington, DE 19801-3722
(302) 467-4509
martint@whiteandwilliams.com

Shane R. Heskin, Esq. (admitted *pro hac vice*)
Alex Corey, Esq. (admitted *pro hac vice*)
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395
(215) 864-6329
heskins@whiteandwilliams.com
Coreya@whiteandwilliams.com
*Attorneys for the FTE Parties*

**LAMB McERLANE PC**

By: _/s/ *Virginia Whitehill Guldi*_
Virginia Whitehill Guldi (ID No. 2792)
Joel L. Frank (admitted *pro hac vice*)
John J. Cunningham, IV (admitted *pro hac vice*)
24 East Market Street, P.O. Box 565
West Chester, Pennsylvania 19381
Telephone: (610) 430-8000
vguldi@lambmcerlane.com
jfrank@lambmcerlane.com
*Attorneys for the Szkaradeks*

**IT IS SO ORDERED:**

_____
**The Honorable William C. Bryson**
**United States Circuit Judge**