IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FTE NETWORKS, INC., §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§ Civil Action No. 22-785-WCB<br>ALEXANDER SZKARADEK and §<br>ANTONI SZKARADEK, §<br>§<br>*Defendants*. § | |
| ALEXANDER SZKARADEK and §<br>ANTONI SZKARADEK, §<br>§<br>*Third-Party Plaintiffs*, §<br>§<br>v. §<br>§<br>MICHAEL BEYS ET AL., §<br>§<br>*Third-Party Defendants*. § | |

**MEMORADUM OPINION AND ORDER**

In preparation for the bench trial in this case, I held an off-the-record conference to resolve any objections to exhibits. During that conference, a dispute over whether FTE should be permitted to amend its complaint to add a claim seeking indemnification was raised. The parties submitted supplemental briefs addressing that issue as well as certain exhibit objections. This opinion addresses the request to amend and memorializes my rulings on the objections to exhibits.

1. The purchase agreement that gave rise to the claims in this case contained a provision requiring the Szkaradeks to obtain consent from certain lenders that had security interests in the

1

properties that are the subject of the purchase agreement. FTE's complaint seeks indemnification from the Szkaradeks for their failure to obtain consent from one of the lenders, Inmost Partners, LLC. FTE does not seek indemnification for the Szkaradeks' failure to obtain consent from a different lender, Direct Lending Partners ("DLP"), but now FTE asks to add such a claim. The Szkaradeks oppose leave to amend.

FTE argues that it did not become aware that the Szkaradeks failed to obtain DLP's consent until the deposition of DLP's corporate witness in a related action pending in Pennsylvania state court.[1] Dkt. No. 132 at 2. FTE argues that a complaint can be amended at any time, even after judgment, and that leave to amend should be freely given. *Id.* at 4. Specifically, FTE argues that leave to amend should be given as long as the opposing party had a fair opportunity to defend and offer its own additional evidence. *Id.* FTE notes that the Szkaradeks were present for the deposition of DLP's corporate witness. But then FTE explains that the Szkaradeks did not cross-examine the witness, did not seek information as to the indemnification claims in their interrogatories to FTE, and did not seek documents regarding indemnification.

The Szkaradeks respond that they will be prejudiced by the amendment given FTE's delay in requesting leave to amend. They acknowledge that typically delay alone is an insufficient reason to deny leave, but argue that the delay here was undue and unexplained. They also explain that they did not take discovery on the DLP indemnification claim because it was not alleged in the complaint.

---

[1] Strangely, FTE also argues that it did implicitly allege that the Szkaradeks failed to obtain DLP's consent by virtue of its description of the purchase agreement as being an unauthorized transaction. That reading of the complaint is undermined by FTE's argument that it did not recognize it had a claim under the DLP deposition, so I reject this argument.

2

"[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Although FTE identifies May 2023 as the time it learned that it might have an indemnification claim related to DLP, FTE waited over two years before it tried to add the claim. Yet in its brief, FTE offers no explanation for why it did not seek to amend its complaint earlier. Given FTE's failure to offer a justification for its over two-year delay, I find its delay undue. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) ("we have refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment" (collecting cases)).

I also find that permitting FTE to add a second indemnification claim would prejudice the Szkaradeks. "The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted. Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273. First, as FTE acknowledges, the Szkaradeks never sought discovery related to the claim. Although FTE argues that they willfully decided not to seek that discovery, the more plausible explanation is that they were unaware that FTE would seek indemnification related to DLP and thus did not regard it as necessary to seek discovery on that issue. And although FTE alleges that its DLP indemnification theory is nearly identical to its Inmost indemnification theory, nothing in the record suggests that the Szkaradeks should have been on notice that FTE might pursue an indemnification claim as to DLP.[2]  Indeed, FTE never

---

[2] FTE argues that this issue came up during the hearing regarding the Szkaradeks' motion to appoint a receiver because the Szkaradeks made arguments about the default of the DLP loans. Although DLP was discussed in the motion, the Szkaradeks did not raise any concerns about failure to obtain DLP's consent.

communicated to the Szkaradeks its intent to seek indemnification related to DLP. The Szkaradeks cannot reasonably be expected to have predicted what additional claims FTE could potentially bring and to have prepared to rebut those unpleaded claims. Accordingly, there would be a good argument that the Szkaradeks should be permitted to seek new discovery, and amendment now is likely to result in additional cost for them to prepare their defense. Thus, I find they would be prejudiced, which weighs in favor of denying FTE's request.

Finally, FTE has failed to file a copy of its proposed amended complaint. Relatedly, FTE never actually moved for leave to amend. Instead, the issue was only raised at the conference to address objections to exhibits. FTE's procedural shortcomings weigh in favor of denial. *See Holland v. Simon Prop. Grp., Inc.*, 495 F. App'x 270, 274 (3d Cir. 2012) ("Finally, [the plaintiff's] failure to submit a copy of his proposed second amended complaint, standing alone, was enough reason to deny his motion."). For the foregoing reasons, leave to amend will be denied, and I need not address whether any such amendment would be futile.

2. For the reasons set forth at the conference, DTX 69, DTX 70, and DTX 72 are excluded. FTE has withdrawn its objections to DTX 43, so that exhibit will be admitted. PTX 42, PTX 58 and PTX 59 are excluded, but I will reconsider admitting the exhibits if they become relevant for non-hearsay purposes at trial. PTX 75, PTX 77, and PTX 78 are excluded, although the fact of Mr. Singal's indictment may be admissible if it becomes relevant at trial. PTX 28 is relevant to FTE's request for indemnification. Because FTE will not be permitted to amend its complaint, this exhibit will be excluded as irrelevant.

FTE objects to DTX 84, DTX 90, DTX 93, DTX 94, DTX 95, and DTX 97 because those documents were produced after the close of discovery. The Szkaradeks explain that they were not in possession of those documents during discovery. They explain that after discovery closed, they

4

contacted an individual to ask if they could include him on their witness list for trial. During those discussions with that individual, he offered the Szkaradeks various emails that were in his possession and that he thought might be useful for trial. The Szkaradeks represent that they received those documents on June 9 or 10, 2025, and produced them to FTE the next day. I ordered the parties to submit supplemental briefing on this dispute.

FTE argues, categorically, that documents that were not produced during discovery are not admissible at trial. Dkt. No. 132 at 9. In support of that argument, FTE cites various cases in which courts prohibited the use of late-produced documents and argues that those courts made no distinction with regard to when the producing party first came into possession of the documents. *Id.* at 10–11. The Szkaradeks first respond that nothing in the Federal Rules of Civil Procedure prohibits the use of documents produced after discovery. Dkt. No. 136 at 9. To the contrary, they argue that Rule 26 merely requires that exhibits be identified 30 days prior to trial and requires supplemental disclosures following discovery in the event that a party learns that the previous disclosures are not accurate. *Id.* at 9. The Szkaradeks also respond that FTE is not prejudiced by these documents because it was in possession of them prior to production given that its directors, officers, or employees are listed as senders or recipients on the emails. *Id.* The Szkaradeks also argue that FTE was aware of these documents because the documents were produced in a related case pending in Nevada state court, to which FTE (but not the Szkaradeks) is a party. *Id.* at 9–10.

As an initial matter, FTE is incorrect that documents that are produced late are categorically inadmissible at trial. *See, e.g.*, *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 243 (3d Cir. 2007) (explaining that "[p]roduction errors discovered at the pre-trial stage of litigation will result in little, if any, expense or prejudice to the opposing party and therefore are not likely to warrant the imposition of sanctions under Rule 16(f)" and permitting witness to testify to contents of

5

documents, which were produced during trial); *see also, e.g.*, *Kinney v. Trs. of Princeton Univ.*, No. CIV A 04-5252, 2007 WL 700874, at *8 (D.N.J. Mar. 1, 2007). Indeed, Rule 37(c), which governs sanctions for a failure to comply with Rule 26, provides that a party that fails to provide information required under Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

First, I find the Szkaradeks' late disclosure to be substantially justified. The documents in question were not in the Szkaradeks' possession until a third party offered them to the Szkaradeks, at which point the Szkaradeks promptly produced the documents. Although the parties presumably could have subpoenaed the third party for the documents, there is nothing to suggest that the Szkaradeks should have known that the third party would be in possession of those apparently relevant documents.

Second, I find there is minimal prejudice to FTE. First, FTE has not identified any particular way in which it has been or will be prejudiced by the late production of these documents. *See generally* Dkt. No. 132. And I see no prejudice. The trial has been continued in light of a recent potentially relevant decision from a Nevada state court, and no new trial date has been set. Accordingly, FTE has time to evaluate these documents and adjust its trial strategy, if necessary. Additionally, as the Szkaradeks explain, it seems likely that FTE was independently aware of the documents given that its employees were on the emails, and given that the documents were apparently produced in related litigation to which FTE is a party; such knowledge minimizes the prejudice. *See, e.g.*, *Reilly v. Vivint Solar*, No. CV 18-12356, 2021 WL 129105, at *1 (D.N.J. Jan. 14, 2021) ("While the exhibits may not have been produced in this case or they were produced late, they were all known to, possessed by, or referred to by defendant throughout the course of

the case. Most of the exhibits were contained in defendant's files or were referred to in defendant's documents."). Finally, although FTE seeks exclusion of these documents, it offers to withdraw its objection if FTE is permitted to amend its complaint to seek indemnification. Such an offer suggests that the prejudice from the admission of these documents is minimal. Thus, these documents will be admitted. *See Tasco v. Int'l Bhd. of Elec. Workers, Loc. #98*, No. CV 11-1393, 2014 WL 11460116, at *1 (E.D. Pa. May 12, 2014) (finding no error in admitting late-produced third-party documents when there was no prejudice to other party).

FTE has objected to DTX 80 as not having been produced during discovery. In its letter, FTE addresses the exhibit with the other documents that the Szkaradeks received from the third-party witness in June 2025 and produced shortly thereafter. But in their letter, the Szkaradeks explain that they provided a copy of the document in question to FTE in anticipation of the receivership hearing in February 2024. To the extent that representation is incorrect, FTE can object to this exhibit at trial. To the extent that representation is accurate, the document will be admitted.

IT IS SO ORDERED.

SIGNED this 14th day of July, 2025.

_William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE